UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-382-H

MADISON CAPITAL CO., LLC                                                                PLAINTIFF

V.

CONNIE SMITH,                                                                          DEFENDANTS
TIMOTHY SMITH, AND
AMERICAN MINING & MANUFACTURING CORP.

**MEMORANDUM OPINION AND ORDER**

This case involves a debt owed to Madison Capital Co., LLC ("Madison Capital"), and who is responsible for paying it. In short, Timothy Smith owned a number of businesses involved in coal mining and those businesses incurred significant debts, the rights to which were eventually acquired by Madison Capital. Mr. Smith served as a personal guarantor of those debts and became liable on the debts after the businesses defaulted. Judgment was entered against Mr. Smith in the Eastern District of Kentucky, but he possessed insufficient assets to pay the debts. Madison Capital brought this action to void a cash transfer for $1,266,000.00 Mr. Smith made to his wife, Connie Smith, based on KRS 378.020. Following a hearing, the Court voided the transfer to Mrs. Smith and entered judgment against her in the amount of $1,266,000.00 plus interest. (DN # 53, 54 & 59.) At this time, Mrs. Smith has filed numerous post-judgment motions seeking various forms of relief, including amendment of the judgment. For the reasons discussed below, all of these motions are denied.

First, Mrs. Smith asks the Court to amend its Amended Memorandum Opinion and Order (DN # 53 & 54) to find that Mr. Smith was not a debtor under KRS 378.020 at the time the transfer to Mrs. Smith was made. This argument is the same argument Mrs. Smith made when

the Court was considering the case. In the Amended Memorandum Opinion (DN # 53), the Court detailed why Mr. Smith was a debtor under the statute and, therefore, the transfer to Mrs. Smith was void. Mrs. Smith presents no persuasive arguments as to why this Court should alter that finding.

Second, Mrs. Smith asks the Court to amend its judgment so that post-judgment interest is not awarded because such interest would be duplicative of the interest awarded in the Eastern District case. However, post-judgment interest is automatic under 28 U.S.C. § 1961(a), which provides, "Interest *shall* be allowed on any money judgment in a civil case recovered in a district court." (emphasis added). Moreover, the interest would not be duplicative. The total amount of money owed by Mr. Smith to Madison Capital will not change. The judgment in this case merely provided another source from which Madison Capital may execute that original judgment. In essence, the interest on the portion of the Eastern District judgment now owed by Mrs. Smith stopped when this judgment, with interest, was entered.

Finally, Mrs. Smith moves to amend on the basis that the judgment was not final and appealable as stated in this Court's Order dated March 18, 2009 (DN # 57). Mrs. Smith argues that counterclaims brought by Mr. Smith against Madison Capital are still pending and, therefore, the case is not fully adjudicated. However, those counter-claims are not a part of this action. Rather, they are pending in the Eastern District case. This action was more in the nature of an enforcement proceeding. The Eastern District entered a judgment against Mr. Smith and Madison Capital was fully within its rights to enforce that judgment at the time it was entered. Why the Eastern District entered such a judgment before hearing Mr. Smith's counterclaims is not relevant to this Court's decision. The mere fact that an enforceable judgment was entered

and that such a judgment can be executed against Mrs. Smith is all that was necessary for the Court to fully adjudicate this case. Thus, the judgment entered was appropriately labeled "final and appealable."[1]

Having denied these motions, there is no just cause to delay the writ of execution and garnishment applications. The court clerk will be directed to enter them.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motions to vacate or alter the judgment (DN # 60), enter a separate judgment on KRS 378.010 (DN # 61) and make the judgment interlocutory (DN # 63) are all DENIED.

cc: Counsel of Record

---

[1] For these same reasons, there is no need for the Court to issue a separate order dismissing Plaintiff's claim under KRS 378.010 with prejudice and labeling that order as "final and appealable." The Court dismissed that claim with prejudice (DN # 54) and all aspects of the case became final and appealable with entry of the judgment on March 18, 2009.